1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10
| | |
|---|---|
| JESUS ROMERO, a Minor, by and through his Guardian ad Litem, MERIDA RAMOS; MARCOS ROMERO, a Minor, by and through his Guardian ad Litem, MERIDA RAMOS; and PERLA ROMERO, a Minor, by and through her Guardian ad Litem, MERIDA RAMOS, | CASE NO. 15cv815-GPC(MDD) **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT** |
| Plaintiff, | [Dkt. No. 13.] |
| v. | |
| MACY'S, INC., fka FEDERATED DEPARTMENT STORES, INC., a Delaware corporation; RALPH LAUREN CORPORATION, a Delaware corporation; and DOES 1 through 50, Inclusive, | |
| Defendant. | |

Before the Court is Defendant Macy's Inc. and Ralph Lauren Corporation's ("RLC") motion for leave to file third party complaint against RL Childrenswear Company, LLC; Sylvia Company, LLC; CUNY Associates LLC; LM Services, LLC; S. Schwab Company; Samuel Schwab; Douglas Schwab, Tadd Scwab and Amy Owens. (Dkt. No. 13.) Plaintiffs filed a non-opposition to Defendants' motion. (Dkt. No. 18.) No reply has been filed.   Based on the reasoning below, the Court GRANTS Defendants' motion for leave to file a third party complaint.

**Factual Background**

Plaintiffs Jesus Romero, who was eight years old at the time of the alleged incident, Marco Romero, who was seven years old at the time of the alleged incident and Perla Romero, who was four years old at the time of the alleged incident, filed a first amended complaint, by and through their guardian ad litem, Merida Ramos. (Dkt. No. 17, FAC.) The first amended complaint alleges that in August or September 2004, Plaintiffs' mother, Merida Ramos, bought a Ralph Lauren brand dress shirt from the Macy's store for Jesus.  (Id. ¶ 25.)  On January 20, 2005, Plaintiffs and their parents were at the family home when Jesus, while wearing the dress shirt, came within the vicinity of a small flame from a lighter.  (Id. ¶ 26.)  The shirt immediately caught fire and burst into flames.  (Id.)  The shirt "ignited so quickly and burned so intensely that there was no opportunity to quell the fire and avoid the grievous injuries Jesus suffered."  (Id.)  When the family was able to put out the flames, a 911 operator provided instructions on how to treat Jesus' burnt skin.  (Id.)  Despite following the directions from the 911 operator, Jesus suffered "excruciating pain."  (Id.)  Jesus was hospitalized for at least two weeks and suffered severe second and third degree burns covering about 25% of his body.  (Id. ¶ 27.)  The injuries were physically crippling and left emotionally debilitating permanent scars along with  physical deformities.  (Id.)  After discharge from the hospital, Jesus underwent months of rehabilitation therapy and improved but he will never experience full functionality and range of motion.  (Id. ¶ 28.)  In addition, his disfiguring scars will never be eliminated and he will never regain full sensitivity and sensation.  (Id. ¶ 29.)  As a result, he will continue to suffer lasting emotional injuries, and suffer inhibitions in his interpersonal and social relationships throughout his life.  (Id.)

Plaintiffs allege causes of action against Defendants Macy's Inc. and Ralph Lauren Corporation for strict products liability - manufacturing defect; strict products liability - design defect; strict products liability - failure to warn;  negligence; breach of warranty; negligent misrepresentation; and negligent infliction of emotional distress.

[15cv815-GPC(MDD) ]

**Discussion**

In this motion, Defendants Macy's and RLC seek leave to file a Third Party Complaint against RL Childrenswear Company, LLC and the Seller Affiliate Group which consists of Sylvia Company, LLC; CUNY Associates LLC; LM Services, LLC; S. Schwab Company, Samuel Schwab, Douglas Schwab, Tadd Schwab and Amy Owens for express indemnification, equitable indemnification, equitable contribution, and declaratory relief.  (Dkt. No. 13, Proposed Third Party Compl.)

Defendants maintain they have determined that the shirt at issue was manufactured by RL Childrenswear Company, LLC during the time it held a license to manufacture childrenwear apparel under the Ralph Lauren line.  On May 25, 2004, Ralph Lauren Corporation, RL Childrenswear and the Seller Affiliate Group entered into an Asset Purchase Agreement where the license to manufacture childrenswear apparel was purchased by Ralph Lauren. (Dkt. No. 13, Proposed TP Compl. ¶ 9.) The manufacturing of the childrenswear apparel by RL Childrenswear continued to be performed at least until the close of the Asset Purchase Agreement in July 2004.  (Id. ¶ 10.)  Pursuant to the Asset Purchase Agreement, RLC did not assume liability of RL Childrenswear's failure to perform or its negligent performance of its obligations under or out of or relating to claim or breach of representation, warranty, covenant or agreement. (Id. ¶ 11.)  RLC did not assume any liability for product liability or product warranty produced sold by RL Childrenswear.  (Id.)  The Asset Purchase Agreement provided that RL Childrenswear and the Seller Affiliate Group would indemnify Ralph Lauren Corporation against certain damages and liabilities.  (Id. ¶¶ 12, 13.)

Federal Rule of Civil Procedure 14 provides,

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14.  The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third

1  individual who may be secondarily or derivatively liable to the defendant for all or part
2  of the plaintiff's original claim." <u>Southwest Adm'r, Inc. v. Rozay's Transfer</u>, 791 F.2d
3  769, 777 (9th Cir. 1986) (citation omitted).  The district court has discretion  in
4  determining whether Defendants should be granted leave to file a third party complaint.
5   <u>Id.</u>  "[A] third-party claim may be asserted only when the third party's liability is in
6  some way dependent on the outcome of the main claim and the third party's liability
7  is secondary or derivative." <u>U.S. v. One 1977 Mercedes Benz</u>, 708 F.2d 444, 452 (9th
8  Cir. 1983).  Factors that courts look to determine whether to allow a third party
9  complaint are "(1) prejudice to the original plaintiff; (2) complication of issues at trial;
10  (3) likelihood of trial delay; and (4) timeliness of the motion to implead." <u>Irwin v.</u>
11  <u>Mascott</u>, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000); <u>see also</u> <u>Zero Tolerance Entm't,</u>
12  <u>Inc. v. Ferguson</u>, 254 F.R.D. 123, 127 (C.D. Cal. 2008).
13        Here, the case is in the early stages as the case was filed on February 26, 2015
14  and discovery cut-off is many months away.  Therefore, the motion was timely filed.
15  Defendants assert that there will be a low likelihood that a trial will need to be
16  continued.  It does not appear that the issues will be complicated by the addition of the
17  Third Party Defendants and it does not appear that any prejudice will result to Plaintiff.
18  In fact, Plaintiff does not oppose the motion.  Defendants allege that they have
19  determined that the proposed Third Party Defendants manufactured the shirt that Jesus
20  wore on the day of the incident.  Therefore, it would be appropriate to allow the third
21  party complaint since proposed Third Party Defendants may be liable for all or part of
22  the claim.  <u>See</u> Fed. R. Civ. P. 14(a).  The Court concludes that allowing leave to file
23  a third party complaint will not prejudice the existing case and will ultimately promote
24  judicial efficiency.  Therefore, Defendants are granted leave to file a Third Party
25  Complaint.
26  / / / /
27  / / / /
28  / / / /

1

**Conclusion**

2       Based on the above, the Court GRANTS Defendants' motion for leave to file a

3  third party complaint.  The hearing set for September 25, 2015 shall be **vacated.**

4       IT IS SO ORDERED.

5

6  DATED:  September 16, 2015

7

8                HON. GONZALO P. CURIEL
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    [15cv815-GPC(MDD)]