# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROMERO, a Minor, by and through his Guardian ad Litem, MERIDA RAMOS; MARCOS ROMERO, a Minor, by and through his Guardian ad Litem, MERIDA RAMOS; and PERLA ROMERO, a Minor, by and through her Guardian ad Litem, MERIDA RAMOS,<br><br>                    Plaintiff,<br>v.<br><br>MACY'S, INC., fka FEDERATED DEPARTMENT STORES, INC., a Delaware corporation; RALPH LAUREN CORPORATION, a Delaware corporation; and DOES 1 through 50, Inclusive,<br><br>                    Defendant. | CASE NO. 15cv815-GPC(MDD)<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE MOTION TO DENY SCHWAB DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS' EX PARTE MOTION TO CONTINUE HEARING DATE ON SCHWAB DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. No. 82.] |

On August 26, 2016, Plaintiffs filed an ex parte motion to deny or continue the hearing date on Schwab Defendants'[1] motion for summary judgment which is currently set for September 30, 2016. (Dkt. No. 82.) An opposition was filed on August 31,

---

[1] Schwab Defendants include S. Schwab Company, Inc., RL Childrenswear Company, LLC, Sylvia Company, LLC, CUNY Associates, LLC, LM Services, LLC, Tadd Schwab, Samuel Schwab, Douglas Schwab, and Amy Owens ("Schwab Defendants").

1  2016. (Dkt. No. 87.) Without leave of Court, Plaintiffs filed a reply on September 1,
2  2006. (Dkt. No. 88.)

### Background

4  On January 30, 2005, Jesus Romero, a minor at the time, suffered severe burns to his body when a shirt allegedly purchased at Macy's caught fire after being exposed to a flame. Jesus claims that this shirt was defective because it was not 100% cotton as stated on the label. Jesus asserts multiple causes of action against the designer and manufacturer of the shirt, Ralph Lauren and Schwab Defendants, and the seller, Macy's, for strict products liability, negligence, breach of warranty and negligent misrepresentation, and his siblings, Marcos and Perla Romero, assert a cause of action for negligent infliction of emotional distress based on a bystander theory. (Dkt. No. 17. FAC.)

13  On August 18, 2015, Plaintiffs filed a first amended complaint adding the Schwab Defendants. (Dkt. No. 17.) On November 13, 2015, Tadd Schwab answered the FAC. (Dkt. No. 32.) Answers for the remaining Schwab Defendants were filed on January 14, 2016. (Dkt. Nos. 43-49.) The discovery deadline was extended by the parties' joint motion to December 7, 2016. (Dkt. No. 74.)

18  On June 29, 2016, Defendants Macy's and Ralph Lauren Corporation filed a motion for summary judgment with a hearing date of September 23, 2016. The summary judgment is based on the results of scientific testing on the shirt that revealed the shirt was "in fact, 100% cotton, with only traces of rayon, and that under applicable federal standards, the fabric's weight classifies it as having normal flammability characteristics." (Dkt. No. 66-1 at 6.)

24  On August 23, 2016, Defendants S. Schwab Company, Inc., RL Childrenswear Company, LLC, Sylvia Company, LLC, CUNY Associates, LLC, LM Services, LLC, Tadd Schwab, Samuel Schwab, Douglas Schwab, and Amy Owens ("Schwab Defendants") filed a motion for summary judgment, or in the alternative motion for summary adjudication with a hearing date of September 23, 2016. (Dkt. No. 80.)

Schwab Defendants move for summary judgment on the grounds that "Plaintiffs cannot proffer any evidence that the shirt worn by Jesus Romero on the date of the incident was dangerously flammable thereby causing his injuries . . . .there is no evidence Schwab Defendants manufactured the subject shirt . . . [summary judgment on] Perla Romero's and Marcos Romero's bystander action must be granted because they did not contemporaneously perceive their brother's injuries were being caused by an alleged defect in the shirt he was wearing on the date of the incident . . . .and [summary judgment as to] Samuel Schwab, Doug Schwab, L. Tadd Schwab and Amy Owens must be granted as to plaintiffs' entire First Amended Complaint because plaintiffs failed to establish grounds justifying the Court to pierce the corporate veil in order to hold these defendants personally liable." (Dkt. No. 80 at 2.)

Federal Rule of Civil Procedure 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it." Fed. R. Civ. P. 56(d). "To prevail under . . . Rule [56(d) ], [a] part[y] opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004). The burden is on the party seeking additional discovery to demonstrate Rule 56(d) applies. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 (9th Cir. 2009).

Plaintiffs contends that Schwab Defendants' motion for summary judgment should be denied or deferred because they need to conduct discovery in order to oppose the motion. Specifically, Plaintiffs argue that contrary to Macy's and Ralph Lauren's motion for summary judgment, Schwab Defendants' motion involve additional issues which include the design, manufacture, production and sale of the shirt as well as a theory of alter ego liability of the individual Schwab Defendants. There are currently outstanding requests for production of documents to Schwab Defendants that are

critical to oppose their summary judgment motion and include, *inter alia,* production, marketing, safety standards, technical specifications and quality control. (Dkt. No. 82-1, Weitz Decl. ¶ 14.) There are also outstanding special interrogatories requesting the names of employees who worked in "various specific areas of the design, manufacture and marketing process, including quality assurance, product testing . . .and shipping/logistics." (Id. ¶ 15.) Plaintiffs assert that these category of documents have been referenced in other documents produced by Schwab Defendants so the information is likely to exist. Plaintiffs believe that discovery will reveal that the shirt was sold at Macy's, that Schwab Defendants sold the shirt to Macy's, and that the shirt is defective. (Id. ¶ 19.)

In addition, the depositions of Samuel Schwab, Tadd Schwab and Douglas Schwab, who will testify as to the "entities' structure, the production process, vendors, product sold to Macy's and the transition of back to Ralph Lauren after it repurchased its license from the Schwab Defendants," are currently set on dates after the hearing on summary judgment. (Id. 12.) There is also a pending discovery dispute as to the taking of ten depositions of individuals involved in the designing, product testing and coordination of sales to retail stores like Macy's. (Id. ¶ 18.) Plaintiffs argue that discovery of facts as to these issues are required to respond to Schwab Defendants' motion for summary judgment.

Schwab Defendants oppose arguing that Plaintiffs do not need additional time or additional discovery to fully respond to the motion because the outstanding discovery has no bearing on the grounds of their motion for summary judgment. In addition, judicial economy warrants that their motion be heard with Macy's and Ralph Lauren's motion for summary judgment as they are both based on the same issue.

The Court concludes that Plaintiffs have demonstrated that the additional discovery they seek is relevant and may be essential in order to respond to Schwab Defendants' motion for summary judgment. Unlike Macy's and Ralph Lauren's motion for summary judgment which addresses mainly the fabric content of the shirt,

Schwab Defendants' motion for summary judgment include additional issues that are currently subject to outstanding discovery requests and discovery disputes.

Accordingly, the Court DENIES Plaintiffs' ex parte motion to deny Schwab Defendants' motion for summary judgment and GRANTS Plaintiffs' ex parte motion to continue the hearing date on Schwab Defendants' motion for summary judgment. The Court reschedules the hearing on Schwab Defendants' motion for summary judgment from September 23, 2016 to **December 9, 2016 at 1:30 p.m.** in Courtroom 2D. Any opposition shall be filed on or before **November 4, 2016**. Any reply shall be filed on or before **November 18, 2016.**

IT IS SO ORDERED.

DATED: September 2, 2016

                                              HON. GONZALO P. CURIEL
                                              United States District Judge