UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROMERO, a Minor, by and through his Guardian ad Litem, MERIDA RAMOS; et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>MACY'S, INC., fka FEDERATED DEPARTMENT STORES, INC., a Delaware corporation; et al.,<br>                                    Defendants. | Case No.: 15cv815-GPC-MDD<br><br>**ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE REGARDING DEFENDANT RALPH LAUREN CORPORATION'S RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE**<br><br>**[ECF NO. 79]** |

Before the Court is the Joint Motion of Plaintiffs and Defendant Ralph Lauren Corporation presenting Plaintiffs' Motion to Compel further responses to Plaintiffs' special interrogatories. The Joint Motion was filed on

1

August 22, 2016. (ECF No. 79). The case involves allegations that a boy's gingham shirt worn by Plaintiff in January 2005, when he was 8 years old, allegedly purchased from Defendant Macy's, Inc., in August or September 2004, and manufactured by Defendant Ralph Lauren Corporation, caught fire and injured Plaintiff. Plaintiffs allege that the shirt was not 100% cotton as claimed on the labels. No receipts or labels are available.

At issue are Defendant Ralph Lauren Corporation's responses to Special Interrogatories 1, 2, 15, 16, 20, 22 and 23. Special Interrogatories 15, 16, 22 and 23 are "contention" interrogatories. Special Interrogatories 1, 2 and 20 are of the more common variety.

Special Interrogatories 1, 2 and 20

The issues regarding the responses to Special Interrogatories 1, 2 and 20 are similar and will be treated together. Special Interrogatory 1 calls for a description of the technical specifications relating to the design and manufacture of boy's gingham shirts from January 1, 2003, through December 31, 2005. Special Interrogatory 2 calls for a description of the quality control policies and procedures relating to the design, manufacture and distribution of the subject shirts during the same time period. Special

Interrogatory 20 calls for Defendant to state all product codes for the subject shirts during the same time period.

Defendant has responded that for the period of January 1, 2003, through July 2, 2004, the subject shirts were designed, manufactured and distributed by other identified defendants. Consequently, for that period, it has no technical specifications, quality control policies and procedures nor product codes for the subject shirts that it can describe. Plaintiffs assert that Defendant "should" have this information because of its relationship with other defendants but provide no evidence to support an inference that Defendant is hiding responsive information.

For the period from July 2, 2004, through December 31, 2005, Defendant asserts that other identified defendants were responsible for design and manufacture of the subject shirts and, rather than provide a description, produced all of the responsive documents in its possession – a total of 84 pages. Plaintiffs claim this response to be inadequate because the responsive information is not apparent in those documents. Defendant responds that these documents are all that there is that is arguably responsive and Plaintiffs' claimed inability to decipher them is not credible.

Regarding the period January 1, 2003, through July 2, 2004, Defendant's response is sufficient. The Court declines Plaintiffs' invitation to compel Defendants to detail efforts undertaken to supply responsive information.

For the period July 2, 2004, through December 31, 2005, the issue is whether Defendant's response, providing records, is sufficient. Rule 33(d), Fed. R. Civ. P., provides that if the answer to an interrogatory may be determined by examining a party's business records, and if the burden of deriving the answer from the records is the same for either party, it is appropriate for the responding party to answer by specifying the records that must reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Rule 33(d)(1). Plaintiffs claim that they cannot derive the answers to the subject interrogatories from the documents supplied. Defendant, therefore, must specifically identify, among the business records it has provided, the documents that provide the answers to each of the subject interrogatories.

Special Interrogatories 15, 16, 22 and 23

Defendant did not provide any substantive responses to these contention interrogatories. Defendant asserts variously overbreadth,

4

vagueness, privilege and that contention interrogatories are premature at this phase of the litigation.

The Court finds that these contention interrogatories are not premature. Discovery opened in this case regarding this Defendant by at least June 11, 2015, with the initial Case Management Conference. (ECF Nos. 11, 12). Expert discovery is closed and all discovery must be completed by December 7, 2015. (ECF No. 74). Sufficient discovery has been obtained such that summary judgment motions have been filed, including by this Defendant. (ECF No. 66). The Court overrules Defendant's objection regarding timeliness for each of these special interrogatories. Next, the Court will address specific objections to each contention interrogatory.

Special Interrogatory 15

This interrogatory requires that if Defendant contends that the subject boy's gingham shirts met all applicable federal flammability standards for children's apparel, the Defendant must state all facts upon which the contention is based and identify all documents upon which the contention is based. Defendant responded with a truckload of boilerplate objections. Ultimately, in connection with this Motion, Defendant specifically addresses only the issue of timeliness, addressed earlier by the Court, and the issue of

whether the phrase "all applicable federal flammability standards" is overbroad, vague, ambiguous and burdensome. (ECF No. 79 at 21-22).

Defendant's response is curious considering that in its Motion for Summary Judgment filed on June 29, 2016, Defendant argues that the boy's gingham shirt at issue was in compliance with the Federal Flammability Act, 15 U.S.C. § 1191 et seq., and the Textile Products Identification Act, 15 U.S.C. § 70. (ECF No. 66 at 9-15). Defendant identified the statutes, described the testing performed by its experts and presented its view that the shirt is compliant with these statutes. (*Id.*). While deferring on the question of "all federal flammability standards," the Defendant could and should have answered the interrogatory regarding the federal flammability standards of which it was aware.

Defendant does have a point, however, regarding the requirement that it state "all" facts and identify "all" documents supporting its contention. "Courts 'will generally find [contention interrogatories] overly broad and unduly burdensome on their face to the extent they ask for "every fact [or "all facts"] which support identified allegations or defenses.' 'Interrogatories may, however, properly ask for the "principal or material" facts which support an allegation or defense.'" *Hernandez v. Best Buy Co., Inc.,* No.

13cv2587-JM-KSC, 2014 WL 5454505 *6 (S.D. Cal. Oct. 27, 2014) *quoting Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 404-405 (D. Kan. 1998).

Accordingly, with regard to Special Interrogatory 15, Defendant is ordered to supplement its response to state whether it contends that the boy's gingham shirts complied with *any* federal flammability standards, identify those standards, and state the material facts and identify the material documents supporting its contention.

Special Interrogatory 16

In this special interrogatory, Plaintiff requires Defendant to state whether it contends that the shirt at issue was not a "boy's gingham shirt," presumably as defined elsewhere, and to state all facts supporting this contention. Defendant challenges this interrogatory on the grounds that Plaintiff has failed to establish that the shirt was a "boy's gingham shirt" so that it need not disclose its view on the matter.

Defendant's position is frivolous. Contention interrogatories, like any other form of discovery, may be used to discover "any nonprivileged matter that is relevant to any party's claim **or defense**. . ." Fed. R. Civ. P. 26(b)(1); *see Hernandez v. Best Buy Co., Inc.,* 2014 WL 5454505 *5. Plaintiff is entitled to discover on the question of whether the shirt at issue is a "boy's gingham

7

shirt" will be an issue at trial. As with Special Interrogatory 15, assuming that Defendant will contend that the shirt is not a "boy's gingham shirt," Defendant need only provide material facts, as opposed to all facts, supporting its contention.

Special Interrogatory 22

In this interrogatory, Plaintiff requires Defendant to identify the affirmative defenses asserted in its Answer and state "all facts" upon which the affirmative defense is based. Defendant objected on a variety of grounds, all of which are unavailing. Defendant presented 19 affirmative defenses in its operative Answer. (ECF No. 20). Defendant's objection that a response would invade privilege is unfounded – by its terms the interrogatory calls for a statement of facts to support each of the asserted defenses. *See Hernandez v. Best Buy Co., Inc.,* 2014 WL 5454505 *6.

In its Supplemental Response, Defendant presents a factual statement regarding the design and manufacture of boy's gingham shirts nearly identical to the statement provided in response to special interrogatories 1, 2 and 20. No reference is made to the affirmative defenses asserted by Defendant. (ECF No. 79 at 27-28). The response is insufficient and not

responsive. Defendant must respond specifically and state the material facts upon which each of its asserted affirmative defenses is based.

Special Interrogatory 23

This interrogatory builds on Special Interrogatory 22 requiring Defendant to identify "all persons" with knowledge of facts and "any documents" upon which the affirmative defense is based. In response, in addition to its general objections and its objections based upon privilege, all of which are overruled, Defendant responded by identifying its expert Marcelo Hirschler, Carolyn Mitchell, Michael Kessler, Plaintiff and his parents. Defendant also referred Plaintiff to the asset and purchase agreement and transition agreement for other individuals. (ECF No. 79 at 31).

This response is insufficient. Unless each of these individuals know the facts supporting each of the affirmative defenses, Defendant must specify which witnesses know facts supporting which affirmative defense. Similarly, the identification of the asset and purchase agreement and transition agreement to identify other individuals is insufficient under Rule 33(d). Defendant must specify which individuals have information regarding which affirmative defenses.

Other than its reference to the agreements, made solely regarding identification of witnesses, Defendant failed to respond regarding whether there are documents that support each of its affirmative defenses. Defendant must respond specifically and identify any material documents supporting each of its affirmative defenses.

## CONCLUSION AND ORDER

As provided herein, Defendant is **ORDERED** to provide further responses to each of the special interrogatories addressed herein no later than 14 days following the filing of this Order.

Dated:   September 12, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge