# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROMERO, a Minor, by and through his Guardian ad Litem, MERIDA RAMOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. SCHWAB COMPANY, INC.; RL CHILDRENSWEAR COMPANY, LLC; SYLVIA COMPANY, LLC; CUNY ASSOCIATES, LLC; AND LM SERVICES LLC.<br><br>　　　　　Defendants. | Case No. 15-CV-815-GPC-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO BIFURCATE THE TRIAL**<br><br>**[Dkt. No. 146.]** |

Before the Court is Defendants' motion to bifurcate the trial so that liability is tried separately on the issue of damages, including punitive damages. (Dkt. No. 146.) Plaintiff filed an amended opposition, (Dkt. No. 170), and Defendants filed a reply, (Dkt. No. 174). Based on the reasoning below, the Court GRANTS in part and DENIES in part Defendants' motion to bifurcate the trial.

## Background

On January 30, 2005, Plaintiff Jesus Romero and his family were planning an

1

outing to Rosarito, Mexico. Jesus, who was seven years old, and his younger brother, Marcos, who was six years old, were dressed and ready, and went next door to a neighbor's house to use a lighter. Both were sitting down and while Jesus held a flower or green weed, Marcos lit the flower or weed with the lighter. Jesus testified that he let go of the flower or weed because his fingers got hot and the lit flower or weed landed on his shirt near his stomach. Jesus told his brother to go get help so Marcos ran into the house and their father came out, ripped the shirt off, dropped it to the concrete and stepped on it to extinguish the flames. Jesus suffered second and third degree burns covering about 25% of his body. (Dkt. No. 128, Am. PTO at 5[1].)

On the day of the incident, Jesus was wearing a boy's short-sleeved Ralph Lauren red-and-white gingham button-down dress shirt ("Shirt"). Jesus' mother Merida, only bought 100% cotton clothing for her family and would not have purchased the Shirt if it had not been labeled 100% cotton.

Jesus alleges that 1) Defendants manufactured the shirt; and 2) although the Shirt was labeled 100% cotton, it was not; instead, it was composed of a "highly flammable, dangerous, and unlawful blend" of 90% cotton, 5% rayon, and 5% nylon causing Jesus more severe burns than he would have suffered if the shirt had been 100% cotton. Plaintiff alleges causes of action for strict product liability for manufacturing defect; negligence; breach of warranty; and negligent misrepresentation against Defendants. (Dkt. No. 17, FAC; Dkt. No. 128, Am. PTO.) Defendants contend that they did not manufacture the Shirt, the Shirt was labeled correctly and made out of 100% cotton, and they are not liable for Jesus' injuries.

**Discussion**

Federal Rule of Civil Procedure ("Rule") 42(b) empowers the Court to

---

[1] Page numbers are based on the CM/ECF pagination.

bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is an exception to normal trial procedure, Clark v. I.R.S., 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (citing Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004), and, as such, the moving party bears the burden of showing that bifurcation is warranted. Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992). In the Ninth Circuit, district courts consider several factors, including: (1) "separability of the issues," (2) "simplification of discovery and conservation of resources," and (3) "prejudice to the parties." McDermott v. Potter, No. 07-cv-6300-SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010) (citations omitted). The district court has broad discretion in determining whether to bifurcate. Hangarter, 373 F.3d at 1021. A court may elect "to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." Jinro America Inc. v. Secure Inv., Inc., 266 F.3d 993, 998 (9th Cir. 2001).

In this case, Defendants seek to bifurcate the trial between liability and damages, including punitive damages arguing they will be prejudiced and bifurcation will promote judicial economy and avoid jury confusion. Plaintiff argues that bifurcation will prejudice them and will only prolong the trial which will result in a waste of additional resources for the parties and the Court.

**A.   Separability**

Defendants argue that there is little overlap in the evidence to be presented as the three liability questions are whether Defendants made the Shirt, the fiber composition of the Shirt and whether the Shirt was dangerously flammable. Plaintiff opposes contending that the liability and damages issues are intertwined as the experts will testify concerning the flammability characteristics and burning behavior of the Shirt and the damages that resulted. It is inherently impossible to separate testimony about the burning characteristics of the combination of low-

3

grade fibers in the Shirt from the manner in which Plaintiff was engulfed by the fire and the severe and permanent injuries suffered.

District courts have declined motions to bifurcate when an element needed to demonstrate liability also include a showing of damages. See Leite v. Severstal Sparrows Point, LLC, Nos. WDQ-09-0742, WDQ-09-1158, 2010 WL 5148423, at *2 (D. Md. Dec. 10, 2010) ("[b]ecause deciding a negligence claim requires a damages analysis, 'liability cannot be resolved without calculating damages to some degree.'"); Southwest Stainless, L.P. v. Sappington, No. 07-CV-334-CVE-FHM, 2008 WL 1777476, at *6 (N.D. Okla. Apr. 17, 2008) (denying motion to bifurcate because, *inter alia*, issue of liability cannot be separated from damages since damages is a required element of the contract and tort-based claims.). Bifurcation is also inappropriate when evidence to prove liability and damages overlap. See Ohio Six Limited v. Motel 6 Operating L.P., Case No. CV 11-8102 MMM(Ex), 2013 WL 12125747, at *5 (C.D. Cal. Aug. 7, 2013) (overlap in the evidence that will be used to prove liability and damages did not warrant bifurcation); Leite, 2010 WL 5148423, at *2 (denying motion to bifurcate liability and damages because evidence on liability and damages overlap); Coryn Group II, LLC v. O.C. Seacrets, Inc., Civil. No. WDQ-08-2764, 2011 WL 5825689, at *2 (D. Md. 2011) (bifurcation inappropriate when evidence on liability and damages overlaps).

Plaintiff's claims for negligence, manufacturing defect and negligent representation all require a showing of damages/injuries. Negligence requires a showing of (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock, Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). A claim for manufacturing defect requires a showing that a manufacturing defect is "a substantial factor in producing the injury." Garrett v. Howmedica Osteonics Corp., 214 Cal. App. 4th 173, 190 (2013) (citation omitted). "The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact

4

misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007). Because damages/injuries are necessary elements to prove liability on Plaintiff's causes of action, the issue of separability does not favor bifurcation. Moreover, the witness testimonies to prove both liability and damages will overlap since the experts will be testifying not only on the fiber composition, and flammability characteristics of the Shirt but also the severity of Plaintiff's injuries as Plaintiff is claiming he suffered more severe injuries due to the blended fabric than he would have suffered if the Shirt had been 100% cotton. Therefore, because the evidence will overlap to demonstrate liability and damages, separability does not favor bifurcation.

**B.  Prejudice**

Defendants argue that bifurcation is warranted because combining evidence of liability and damages may lead the jury to find them liable simply by hearing the damages testimony despite the overwhelming evidence that the Shirt is 100% cotton. They argue there is a very high risk that a jury will impose liability based on emotionally charged testimonies about Plaintiff's second to third degree burn injuries he suffered when he was seven years old, and not on the evidence. Plaintiff responds that while he does not disagree that his burn injuries are "extraordinary" he will be prejudiced because he will need to prove the manner and severity of his burn injuries to establish liability and whether the shirt was dangerously flammable. Moreover, bifurcation will prolong the trial and subject Plaintiff and his family to recount the painful events of the day twice and require him to incur additional costs for expert witnesses to provide testimonies in two trials.

While the potential for prejudice exists based on the severe injuries suffered by Plaintiff who was a boy at the time, such prejudice exists in any tort-based case where injuries are suffered. However, any potential prejudice can be addressed by an appropriate jury instruction. See Hamm, 888 F. Supp. at 1039 ("any concerns

about potential prejudice to the defendant may be directly addressed, and the prejudice cured, with appropriate limiting instructions."); Pouliot v. Paul Arpin Van Lines, Inc., 235 F.R.D. 537, 542-43 (D. Conn. 2006) (request for bifurcation was denied and trial court instructed jury that its verdict should not be influenced by sympathy for the plaintiff); Coryn Group II, LLC, 2011 WL 5825689, at *3 (prejudice in a single trial on damages and liability mitigated by jury instructions addressing concerns about the improper use of evidence). This factor does not favor bifurcation.

**C.  Judicial Economy**

Defendants assert that bifurcation of the liability issue will promote judicial economy because there will be little overlap with the evidence concerning liability and damages. Plaintiff disagrees and argues that bifurcation will lead to waste of judicial resources because the evidence in the liability phase will be the same as in the damages phase and bifurcation will only prolong the trial and increase costs.

As noted above, judicial economy would not be promoted because the issue of damages/injures is a necessary element of the liability causes of action and the same witnesses will testify concerning liability and damages.

In sum, the Court DENIES Defendants' motion to bifurcate the issues of liability and damages.

**D.  Punitive Damages**

Defendants also seek to bifurcate the issue of punitive damages arguing they will be prejudiced if they have to disclose their financial condition[2] before liability

---

[2] In California, proof of the defendant's financial condition is required when punitive damages are awarded. California Civil Code section 3295 provides,
> (d) The court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294. Evidence of profit and financial condition shall be admissible only as to the defendant or defendants found to be liable to the plaintiff and to be guilty

Footnote Continued on Next Page

has been established. Plaintiff opposes citing to Hangarter, 373 F.3d at 1021 where the Ninth Circuit held that the district court did not abuse its discretion in trying the issues of liability for contract damages and liability for punitive damages for tortious breach of that contract together.

A district court sitting in a diversity case applies federal procedural law and state substantive law. Hanna v. Plumer, 380 U.S. 460, 465 (1965). Bifurcation is a procedural issue governed by the Federal Rules of Civil Procedure, not state law. Hamm v. American Home Prods. Corp., 888 F. Supp. 1037, 1038 (E.D. Cal. 1995) (Rule 42(b) governs the bifurcation of evidence of defendants' net worth from liability evidence rather than California Civil Code § 3295(d)); Hayes v. Arthur Young & Co., Nos. 91-15531, 91-15546 and 91-15593, 1994 WL 463493, at *7, (9th Cir. Aug. 26, 1994) (district court did err in applying Rule 42(b), rather than Cal. Civ. Code section 3295(d) to rule on bifurcation); see also Simpson v. Pittsburgh Corning Corp., 901 F.2d 277, 283 (2d Cir. 1990) (applying Rule 42(b) instead of New York common law requiring that evidence of defendant's wealth be admitted only after jury has otherwise determined that punitive damages are appropriate); Rosales v. Honda Motor Co., Ltd., 726 F.2d 259, 261 (5th Cir. 1984) (applying Rule 42(b) instead of Texas law requiring that liability and damages be tried in a single proceeding).

Here, while Defendants recognize Rule 42 is a procedural rule, they contend that the Court should consider the prejudicial effect of introducing their financial condition during the trial as it may taint the jury's determining on liability and on

---

FOOTNOTE CONTINUED FROM PREVIOUS PAGE

> of malice, oppression, or fraud. Evidence of profit and financial condition shall be presented to the same trier of fact that found for the plaintiff and found one or more defendants guilty of malice, oppression, or fraud.

Cal. Civil Code § 3295(d).

the issues of oppression, fraud or malice. In Hangarter, the Ninth Circuit held that the trial court did not abuse its discretion in not bifurcating liability and punitive damages noting the defendants' financial condition was relevant to the plaintiff's claim for breach of contract. Hangarter, 373 F.3d at 1021. In this case, the parties do not assert and it does not appear that Defendants' financial condition has any relevance to Plaintiff's causes of action.

The Court agrees that the issues of liability and punitive damages are separable, allowing financial records that are not relevant to the underlying liability trial would be prejudicial and bifurcation would conserve judicial resources. First, the California Supreme Court has noted that a defendant's financial condition can taint a jury's decision and weigh in favor of bifurcation. Adams v. Murakami, 54 Cal. 3d 105, 120 (1991) ("Requiring a defendant to prove his or her own financial condition may improperly taint the jury's decision whether to impose punitive damages in the first instance . . . ."). Next, the difference in the evidence and burdens of proof to demonstrate liability and punitive damages weigh in favor of bifurcation. See Norwood v. Children and Youth Servs., Inc., Case No. CV 10-7944 GAF (MANx), 2012 WL 12882757, at *3 (C.D. Cal. July 27, 2012) (noting differences in proving elements of negligence and punitive damages claim as well as differences in the burden of proving punitive damages by clear and convincing evidence and proving negligence by a preponderance of the evidence); Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir.), cert. denied, 469 U.S. 1072 (1984) (bifurcation warranted if the two phases involve different types of evidence); Helminski v. Ayerst Lab., a Div. of American Home Prods. Corp., 766 F.2d 208, 212 (6th Cir.), cert. denied, 474 U.S. 981 (1985) (bifurcation "is appropriate when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination.").

Under Rule 42(b), the Court concludes that bifurcation of punitive damages is

warranted, and the Court GRANTS Defendants' motion to bifurcate the issue of punitive damages from the trial on liability and damages.

**Conclusion**

Based on the above, the Court DENIES Defendants' motion to bifurcate trial between liability and damages but GRANTS Defendants' motion to bifurcate the issue of punitive damages from the trial on liability and damages.

IT IS SO ORDERED.

DATED: NOVEMBER 14, 2017

Hon. Gonzalo P. Curiel
United States District Judge

9