# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ROMERO,<br><br>    Plaintiff,<br><br>  v.<br><br>S. SCHWAB COMPANY, INC.; RL CHILDRENSWEAR COMPANY, LLC; SYLVIA COMPANY, LLC; CUNY ASSOCIATES, LLC; LM SERVICES LLC; SAMUEL SCHWAB; DOUGLAS SCHWAB; TADD SCHWAB; and AMY OWENS,<br><br>    Defendants. | Case No. 15-CV-815-GPC-MDD<br><br>**ORDER ON PLAINTIFF'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ON EXPRESS INDEMNIFICATION CAUSE OF ACTION IN THE THIRD PARTY COMPLAINT**<br><br>**[Dkt. No. 316.]** |

A jury trial was held in this case on Plaintiff Jesus Romero's ("Plaintiff") first amended complaint ("FAC") on January 8-24, 2018 against the Schwab Defendants.[1] The parties left the issue of the express indemnity claim alleged in the third party complaint by Ralph Lauren Defendants against Schwab Defendants to be determined by the Court. (Dkt. No. 228.) Plaintiff filed Proposed Findings of Fact and

---

[1] Schwab Defendants include Defendants RL Childrenswear Company, LLC; S. Schwab Company, Inc.; Sylvia Company, LLC; Cuny Associates, LLC; LM Services, LLC; Samuel Schwab; Douglas Schwab; Tadd Schwab; and Amy Owens.

1

Conclusions of Law[2] on the third party complaint on February 23, 2018. (Dkt. No. 316.) On February 24, 2018, Schwab Defendants filed an opposition. (Dkt. No. 318.) In response to the Court's order of February 27, 2018, Plaintiff filed a reply on March 8, 2018. (Dkt. No. 321.) The Court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rule of Civil Procedure.

**Procedural Background**

On April 13, 2015, the case was removed from state court. (Dkt. No. 1.) On August 18, 2015, Plaintiff Jesus Romero[3] filed the operative first amended complaint ("FAC") against Defendants Macy's Inc., Macy's West Stores, Inc., and Ralph Lauren Corporation's ("Ralph Lauren Defendants") and added RL Childrenswear Company, LLC; S. Schwab Company, Inc.; Sylvia Company, LLC; Cuny Associates, LLC; LM Services, LLC; Samuel Schwab; Douglas Schwab; Tadd Schwab; and Amy Owens (collectively the "Schwab Defendants") as defendants. (Dkt. No. 17.) The FAC alleged claims against Macy Defendants and Schwab Defendants for severe burns suffered by Plaintiff, a minor at the time, when a shirt ("Shirt") allegedly purchased at Macy's caught fire after being exposed to a flame. The FAC asserted causes of action for strict products liability–manufacturing defect, design defect and failure to warn, negligence, breach of warranty, negligent misrepresentation and negligent infliction of emotional distress. (Id.)

On April 28, 2016, the Ralph Lauren Defendants filed a third-party complaint against the Schwab Defendants for express indemnification, equitable

---

[2] Plaintiff filed Proposed Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure ("Rule") 52. However, the Court notes it did not hold a bench trial, but instead, pursuant to the parties' agreement, the Court relies on the evidence presented throughout the litigation, including trial, and the parties' submission of legal arguments in their briefs.

[3] At the time of the filing of the Complaint, Plaintiff Jesus Romero, a minor at the time, filed the complaint by and through his Guardian ad Litem, Merida Ramos, Plaintiff's mother. Also, when the FAC was filed, Jesus' siblings, Marcos and Perla Romero, asserted a cause of action for negligent infliction of emotional distress based on a bystander theory. (Dkt. No. 17, FAC.) However, on October 13, 2016, the parties filed a joint motion to dismiss the claims of Marcos and Perla Romero. (Dkt. No. 95.)

indemnification, equitable contribution and declaratory relief. (Dkt. No. 61.) The cause of action for express indemnification was asserted on behalf of Ralph Lauren Corporation only. (Id. at 3.) On May 20, 2016, the Schwab Defendants filed an answer to the third-party complaint and brought a counterclaim against the Ralph Lauren Defendants for express indemnification, equitable indemnification, equitable contribution and declaratory relief. (Dkt. No. 64.)

## Findings of Fact

The parties do not dispute the relevant facts at issue. On January 1, 2000, PRL USA, Inc. and Polo/Lauren Company, L.P., the licensors, entered into a License Agreement with RL Childrenswear LLC, licensee, granting it the exclusive right to manufacture, promote and sell apparel under the Polo/Ralph Lauren trademarks. (Dkt. No. 318-1, Irving Decl., Ex. A.) The License Agreement also included a design services agreement with Ralph Lauren's design company, Polo Ralph Lauren Corporation ("RLC"). (Id. at ¶¶ 3.1-3.3.)

On May 25, 2004, RL Childrenswear, and the Seller Affiliate Group, identified as the Sellers, and RLC, the Buyer, entered into Asset Purchase Agreement ("APA") related to the License Agreement dated January 1, 2000. (Dkt. No. 316-4, Weitz Decl., Ex. 12, APA.) The Seller Affiliate Group includes Defendants Sylvia Company, LLC, CUNY Associates, LLC, LM Services LLC, S. Schwab Company, Samuel Schwab, Douglas Schwab, Tadd Schwab and Amy Owens. (Id. at 19[4].) The Asset Purchase Agreement closed, and business transferred to RLC on July 2, 2004. (Dkt. No. 316-5, Weitz Decl., Ex. 13; id., Ex. 21, S. Schwab Depo. at 44:14-15.)

Article X of the APA contains an indemnification provision that provides,

> Obligation of the Seller and the Seller Affiliate Group to Indemnify. Subject to the limitations contained in Section 10.5, the Seller and the Seller Affiliate Group (collectively, the "**Seller Indemnifying Parties**", jointly and severally, agree to indemnify, defend and hold harmless the

---

[4] Page numbers are based on the CM/ECF pagination.

3

> Buyer (and any of its officers, directors, employees, stockholders, Affiliates, successors and assigns) (the "**Buyer Indemnified Parties**") from and against any losses, claims, liabilities, damages, judgments, assessments, fines, costs, expenses or deficiencies (including reasonable fees, expenses and disbursements of attorneys, experts, personnel and consultants incurred by the party entitled to indemnification under this Article X), whether or not involving Litigation by a third party, (collectively, "**Losses**") based upon, arising out of, due to or otherwise in respect of:
>
> (a) any inaccuracy in or any breach of representation or warranty of the Seller contained in this Agreement or in any certificate delivered pursuant hereto;
>
> (b) (i) any breach of any covenant or agreement of the Seller or any Affiliate of the Seller contained in this Agreement;
>
> (c) the operation of the Business at any time during the period prior to and including the Closing, including the operation of the Business by the Prior Licensee (as defined in the License) (other than any Loss that constitutes an Assumed Liability); and
>
> (d) any Liability of the Seller that is not an Assumed Liability, including without limitation, the Excluded Liabilities.

(Dkt. No. 316-4, Weitz Decl., Ex. 12, APA ¶ 10.1.) The parties dispute the applicability of sections (b) and (c) of the indemnification provision.

Plaintiff filed a complaint on February 26, 2015 in state court which was removed to this Court on April 13, 2015. (Dkt. No. 1, Not. of Removal.) On July 30, 2015, Ralph Lauren Defendants tendered their defense to Schwab Defendants pursuant to Article X. (Dkt. No. 316-20, Kawabata Decl., Ex. 1.) On December 21, 2015, Schwab Defendants' insurer declined to defend RLC and Macy's asserting that it did not manufacture the Shirt and was not obligated to indemnify Ralph Lauren Defendants. (Dkt. No. 316-21, Kawabata Decl., Ex. 2; Dkt. No. 316-22, Kawabata Decl., Ex. 3; Dkt. No. 316-23, Kawabata Decl., Ex. 4.)

On December 23, 2016, Plaintiff and Ralph Lauren Defendants entered into a

settlement agreement. (Dkt. No. 316-25, Kawabata Decl., Ex. 6.) In exchange for a full release and dismissal with prejudice of all claims, the Ralph Lauren Defendants paid Plaintiff $300,000 and assigned any indemnity and contribution rights they had against Schwab Defendants as alleged in Ralph Lauren Defendants' third party complaint and the APA. (Id.) On June 28, 2017, the Court granted Ralph Lauren Defendants' motion for determination of good faith settlement. (Dkt. No. 138.) On September 9, 2017, the Court granted Plaintiff and Ralph Lauren Defendants' joint motion to dismiss with prejudice. (Dkt. No. 145.)

Prior to trial, on December 29, 2017, Plaintiff, the Ralph Lauren Defendants and the Schwab Defendants filed a "Final Amended Joint Proposal for Resolving Indemnity Claims" which states that,

> The Parties agree that the contractual indemnification claims should be severed and adjudicated, if necessary, after the jury trial of the main action concludes. The Parties further stipulate and agree that the Court may decide all factual and legal issues relating to those indemnification claims.

(Dkt. No. 228.)[5]

Trial began on January 8, 2018 and the remaining causes of action were strict products liability for manufacturing defect and design defect, negligence and breach of express warranty. (Dkt. No. 237, 304.) Closing arguments were held on January 23, 2018. (Dkt. No. 301.) On January 24, 2018, the jury returned a special verdict that Schwab Defendants manufactured the shirt but found no liability on any of the causes of action. (Dkt. No. 304.) The express indemnity claim is governed by the indemnification provision in the asset purchase agreement between the Schwab Defendants and RLC dated May 25, 2004.

/ / / /

---

[5] Schwab Defendants, in opposition, contend that there is no evidence to support a claim for contribution or equitable indemnity, an argument not addressed by Plaintiff. The Court notes that the parties' joint agreement limited the Court's ruling on the express indemnity claim. (Dkt. No. 228.) Therefore, the Court declines to address the contribution and equitable indemnity claims.

5

## Conclusions of Law

Plaintiff argues that because he demonstrated to the jury that Schwab Defendants manufactured the Shirt, they must indemnify him as the assignee for all Losses incurred by Ralph Lauren Defendants in defending and compromising Plaintiff's action, as well as all costs, expenses, and reasonable attorney fees incurred by him in pursuing his assigned right to the claims in the third party complaint, including all costs, expenses, and fees incurred to prove the Subject Shirt was manufactured by Schwab Defendants.

Since July 30, 2015, RLC has incurred $478,028.40 in Losses arising out of the litigation which includes the settlement amount of $300,000 and $178,028.40 in attorneys' fees and costs. (Dkt. No. 316-19, Kawabata Decl., Exs. 6-9.) Plaintiff, himself, incurred in excess of $702,615.58 in attorney's fee Losses and in excess of $181,515.09 in costs due to the litigation. (Dkt. No. 314-4, Weitz Decl. ¶¶ 20-25.) Plaintiff seeks judgment against Schwab Defendants for Losses totaling $1,362,159.07. (Dkt. No. 316 at 10.)

The parties do not dispute that New York Law governs the APA as the choice of law clause states that "THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO ANY CONFLICT OF LAW PRINCIPLES THEREOF." (Dkt. No. 316-4, Weitz Decl., Ex. 12, APA ¶ 12.6.)

According to Schwab Defendants, Plaintiff cannot prevail on the express indemnity claim because Ralph Lauren Defendants did not possess any valid claims against them because Plaintiff's claims did not trigger the indemnity provision of the APA and cites to Haynes v. Kleinewefers and Lembo Corp. 921 F.2d 453, 456 (2d Cir. 1990) in support. In an express indemnity claim, the contract language must demonstrate an "unmistakable intention" to indemnify before a court enforces such a provision. Id. However, Haynes dealt with whether there was an agreement to indemnify based on an assumption of liabilities and other obligations provision. In

this case, the parties specifically agreed to an indemnification provision which details what is covered. Contrary to Haynes, the Article X of the APA, entitled "INDEMNIFICATION" demonstrates the parties' clear and "unmistakable intention" to indemnify.

Next, Schwab Defendants argue that Plaintiff's claims do not arise from Schwab's operation of its clothing manufacturing business or from any liability or obligation under the agreement. (See Dkt. No. 316-4, Weitz Decl., Ex. 12, APA ¶ 10.1.) They maintain that RLC, as the designer of the shirt, had primary responsibility of any design defect that is alleged in the FAC. However, the design defect at issue was based on the material makeup of the Shirt that Schwab Defendants' allegedly used 90% cotton, 5% rayon and 5% nylon instead of 100% cotton. The design defect did not relate to the use of RLC's logo, style of shirt, or labeling. (See Dkt. No. 321-1, Szeto Decl., Ex. 1.) Schwab Defendants have not presented any evidence that RLC had any input concerning the fabric make-up of the Shirt or that it was negligent for the material composition based on its control of the design process.

Moreover, as pointed out by Plaintiff, the indemnification provision includes any Losses arising out of "the operation of the Business" and any Excluded Liabilities. (Dkt. No. 316-4, Weitz Decl., Ex. 12, AP ¶¶ 10.1(c) & (d).) The Excluded Liabilities include "any product liability or product warranty with respect to any product manufactured, produced or sold by the Seller (or any successor), whether or not included in the Purchased Assets." (Id. ¶ 2.4(j).) This case involved personal injuries related to a shirt that was defectively manufactured and defectively designed based on strict product liability, negligence and breach of express warranty. These causes of action fall under the indemnification provision as Excluded Liabilities.

Schwab Defendants also contend that Plaintiff cannot recover RLC's defense costs or the $300,000 settlement payment because RLC did not incur those expenses since its liability insurer, CNA Insurance Company, funded its defense and issued the settlement check. They cite to Cardo v. Bd of Managers, Jefferson Village Condo, 67

7

A.D.3d 945 (N.Y. App. Div. 2009) in support. Plaintiff disagrees.

Cardo involved an award of attorney's fees as provided in the condominium's by-laws. Id. at 945-46. The issue on appeal was not the order granting an award of reasonable attorney's fees but the amount of attorney's fee that was awarded. Id. at 946. The legal fees were paid or would be paid by the defendant's insurer. Id. Because the defendant did not actually incur any expenses of its legal representation and in the "absence of appropriate documentation demonstrating the defendant's right to seek attorney's fee on behalf of its insurer", the court held that the defendant was not entitled to recover an award of attorney's fee. Id. However, Cardo did not involve an indemnity provision.

In Centennial Contractors Enters. v. East New York Renovation Corp., 79 A.D.3d 690, 693 (N.Y. App. Div. 2010), the appellate court held that the trial court did not err in awarding the plaintiff an award as well as attorney's fees based on contractual indemnification even though the plaintiff's insurer paid the attorney's fees of the plaintiff's attorney. Id. at 691, 693. The court noted that the contract obligated the defendants to indemnify and hold the plaintiff harmless from all causes of action, costs and attorney's fees relating to the project and that the contractual indemnification provision in the DOA would take precedence in interpretation. Id. at 693.

Also, in U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Markets, 12cv9412 (PAE), 2016 WL 6996176, at *7 (S.D.N.Y. Nov. 30, 2016), the district court noted that New York courts grant an award of attorney's fees even if those fees have already been paid by an insurer because of the "need to avoid a windfall for the *losing p*arty, freeing it from having to pay the attorneys' fees that it was contractually obliged to pay." Id. at 7 (emphasis in original) (citing Isaacs v. Jefferson Tenants Corp., 270 A.D.2d 95, 96 (N.Y. App. Div. 2000) ("Plaintiff may not benefit from the circumstance that the cooperative had an insurance policy to cover its legal costs" as to a proprietary lease agreement); O'Neill v. 225 E. 73 Owners Corp., 298 A.D.2d

239, 239 (N.Y. App. Div. 2002) ("plaintiffs were not effectively relieved of their counsel fee obligation by reason of the payment of those fees by defendant's insurance carrier" as to proprietary lease agreement)). Based on these cases, the Court does not find Schwab Defendants' argument persuasive.[6]

Next, Schwab Defendants argue that even if they are required to reimburse Ralph Lauren's defense and settlement costs, they should be entitled to a proportionate discount for amounts attributable to defending and settling the claims against Macy's since it had no contractual relationship with Schwab Defendants. Plaintiff argues that Schwab Defendants are not entitled to an offset because they were obligated to protect both RLC and Macy's pursuant to the terms of their purchase orders, from any expenses related to Plaintiff's claims. (See Dkt. No. 316-9, Weitz Decl., Ex. 17, General Terms and Conditions of Purchase Orders, § 13 ("Indemnification").) Plaintiff does not explain specifically how the terms of the purchase orders obligated Schwab Defendants to protect Macy's. Instead, the Court notes that neither party has provided any legal support for their argument nor assessed the proportionate discount that would apply to the claims against Macy's. It would appear that the attorney's fees expended to defend RLC would have necessarily required the same amount of work with or without Macy's. Schwab Defendants have not demonstrated that they are entitled to an offset concerning the settlement as to Macy's.

Lastly, Schwab Defendant argue that Plaintiff has no right to recover any of his own attorney's fees and costs because Plaintiff has only those claims that RLC could have brought and Plaintiff has not established that RLC had a right to recover Plaintiff's attorney's fees from the Schwab Defendants. According to Plaintiff, because Schwab Defendants declined to fulfill their obligations under the terms of Article X of the APA, they are liable for the expense of the defense and compromise of the case including the prosecution of the third party complaint. Plaintiff argues that

---

[6] Subrogation "exists to prevent double recovery by the insured and to force the wrongdoer to bear the ultimate costs." Scinta v. Kazmierczak, 59 A.D.2d 313, 316 (N.Y. App. Div. 1977).

because Schwab Defendants repeatedly stated that it was not providing a defense to RLC because it was not clear who manufactured the Shirt, it was therefore necessary for RLC, through Plaintiff as its assignee, to prove this. Therefore, Plaintiff is entitled to attorney's fee and costs in proving who manufactured the Shirt.

"An assignment carries with it all the rights of the assignor." Johnson v. Cnty. of Fresno, 111 Cal. App. 4th 1087, 1096 (2003) ("The assignment merely transfers the interest of the assignor. The assignee 'stands in the shoes' of the assignor, taking his rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment.").[7] It is a familiar principle that an assignee "stands in the shoes of the assignor" and also "that an assignment cannot create rights in the assignee not held by the assignor." Misic v. Building Serv. Employees Health and Welfare Trust, 789 F.2d 1374, 1378 n. 4 (9th Cir. 1986).

RLC settled with Plaintiff and RLC was dismissed from the case on September 9, 2017; therefore, after that date, RLC had no liability to Plaintiff. Plaintiff was assigned only the rights of RLC that it had against Schwab Defendants and has not cited to any legal authority that the familiar principle, that the scope of an assignment is limited to those of the assignor, can be broadened in his case. Accordingly, Plaintiff's argument that he is entitled to recover his own attorney's fees and costs under the APA is without merit.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

[7] RLC and Plaintiff's settlement agreement assigning to Plaintiff the indemnification rights under the APA is governed by California law. (Dkt. No. 316-25, Kawabata Decl., Ex. 6, Sett. Agreement ¶ 20.)

10

## Conclusion

Based on the above, the concludes that Plaintiff, as assignee to RLC's contractual indemnification rights against Schwab Defendants alleged in the Third Party Complaint, is entitled to $478,028,40 which represents the Losses RLC incurred under the APA.[8]

IT IS SO ORDERED.

Dated: March 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[8] The Court notes that the equitable indemnification and contribution cause of action still remain in the Third Party Complaint and judgment may not be entered until all claims are resolved. See Fed. R. Civ. P. 54.